**FILED**

JUN 0 3 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 02 2008

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROGER GRAEBER, <br><br>      Plaintiff - Appellant, <br><br> v. <br><br> THE HEWLETT PACKARD INCOME PROTECTION PLAN; THE AGILENT TECHNOLOGIES INCOME PROTECTION PLAN; AGILENT TECHNOLOGIES INC.; VOLUNTARY PLAN ADMINISTRATORS; HEWLETT PACKARD COMPANY EMPLOYEE BENEFITS ORGANIZATION; HEWLETT PACKARD COMPANY EMPLOYEE BENEFITS ORGANIZATION INCOME PROTECTION PLAN HEWLETT PACKARD COMPANY DISABILITY PLAN; AGILENT TECHNOLOGIES, INC. DISABILITY PLAN; HEWLETT PACKARD COMPANY, <br><br>      Defendants - Appellees. | No. 06-15749 <br><br> D.C. No. CV-05-01124-CRB <br><br> MEMORANDUM* |

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted May 14, 2008
San Francisco, California

Before: HUG, KLEINFELD, and N.R. SMITH, Circuit Judges.

Roger Graeber appeals the district court's grant of summary judgment in favor of eight named defendants ("Defendants") in his suit brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") challenging the termination of his long term disability benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

Because the ERISA plan at issue here unambiguously provided that Voluntary Plan Administrators, Inc. ("VPA") had discretion to determine a claimant's eligibility for benefits and construe the terms of the plan, the district court correctly reviewed VPA's decision for an abuse of discretion. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006) (en banc) (citing *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). Additionally, VPA committed no procedural violations which would warrant de novo review of its decision. *See id.* at 972.

2

The district court also correctly held that VPA did not abuse its discretion by denying Graeber's claim for benefits. First, although the district court did not have the benefit of *Abatie* at the time it made its decision, remand is unnecessary because VPA did not have any conflict of interest that the district court needed to weigh when performing its review. *See id.* at 967-68. Second, VPA's decision was supported by medical evidence and did not conflict with the terms of the ERISA plan. *See Jordan v. Northrop Grumman Corp. Welfare Ben. Plan*, 370 F.3d 869, 875 (9th Cir. 2004); *Saffle v. Sierra Pac. Power Co. Bargaining Unit Long Term Disability Income Plan*, 85 F.3d 455, 458 (9th Cir. 1996).

Graeber waived his argument that the district court erred by failing to expand the administrative record because he did not develop the argument in his opening brief. *See Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997) (stating that this court reviews only issues that are argued specifically and distinctly in a party's opening brief). Even if the issue was not waived, however, the district court appropriately refused to expand the administrative record because VPA did not have a conflict of interest or commit flagrant procedural violations. *See Abatie*, 458 F.3d at 970 (holding that while a district court generally may review only the administrative record in determining whether a plan administrator abused its discretion, the district court

3

may expand the scope of the record as needed to assess a conflict of interest or flagrant procedural violations).

Finally, the district court did not abuse its discretion by failing to assess penalties for VPA's alleged failure to provide plan-related documents to Graeber as required by ERISA. *See* 29 U.S.C. §§ 1024(b)(4), 1132(c)(1). The record supports the district court's finding that VPA made a good faith effort to comply with Graeber's request.

AFFIRMED.